# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PLAINTIFFS** ) | |
| ) | Case No. _____ |
| ) | |
| vs. ) | |
| ) | |
| **FRONTLINE COMMUNITY** ) | |
| **SERVICES, INCORPORATED** ) | |
|     Serve: Alexander Shrady ) | |
|     Registered Agent ) | |
|     7035 Blair Road, NW, Apt. #341 ) | |
|     Washington, D.C. 20012 ) | |
| ) | |
| **DITTU ABRAHAM** ) | |
|     13005 Blairmore Street ) | |
|     Beltsville, MD 20705 ) | |
| ) | |
| **JEAN SAMUEL** ) | |
|     4414 Medallion Dr. ) | |
|     Silver Spring, MD 20901 ) | |
| ) | |
| **NINALA WILKINSON** ) | |
|     344 University Boulevard, West ) | |
|     Apt. 113 ) | |
|     Silver Spring, MD, 20901 ) | |
| ) | |
|                 Defendants. ) | |
| ) | |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Andre Smith ("Smith"), Marcia Adams ("Adams"), Omwa Cooper ("Cooper"), Michelle Smith-Wilson ("M. Wilson"), Oscar Wilson ("O. Wilson"), and Nekeita Hicks ("Hicks") (collectively "Plaintiffs"), by and through their undersigned counsel, Deyka Williams Spencer, and The Spencer Firm, LLC, hereby bring suit against Frontline Community Services Incorporated ("Frontline"), Dittu Abraham ("Abraham"), Jean Samuel ("Samuel") and Ninala Wilkinson ("Wilkinson") (collectively "Defendants") for violations of the Fair Labor Standards

Act of 1938, 29 U.S.C. §§ 201, *et. seq.* (FLSA), the Wage Payment and Collection Act, D.C. Code §32-1301 *et. seq.* and the D.C. Minimum Wage Revision Act, D.C. Code §32-1001 *et. seq.*

## PARTIES AND JURISDICTION

1. The Plaintiffs are all adults and over twenty-one years of age.

2. As named Plaintiffs, they affirm their consent to participate as plaintiffs in a Collective Action under the FLSA.

3. Plaintiff Adams is a resident of Prince George's County, Maryland but worked for Defendants in the District of Columbia.

4. Plaintiffs Smith, Cooper, Hicks, Michelle Smith-Wilson, and Oscar Wilson are residents of the District of Columbia; they also worked for Defendants in the District of Columbia.

5. At all relevant times, Plaintiffs were employees of Defendants, as defined by the FLSA and D.C. Code, who Defendants suffered or permitted to work without paying Plaintiffs overtime, in violation of Federal law and the D.C. Code.

6. Defendant Frontline, upon information and belief, is registered in the District of Columbia with its principal place of business in Washington D.C.

7. Defendant Frontline is a company that plans, coordinates and provides for the needs of persons that have special care needs either through age, disability, or infirmity.

8. At all relevant times, Defendants, each and collectively, were an "employer", "joint employer", or "integrated enterprise employer" of each Plaintiff, as defined by the FLSA and D.C. Code.

9. Upon information and belief, Defendant Frontline is owned and managed by Defendants Abraham, Samuel, and Wilkinson.

10. At all relevant times to this Complaint, Defendants Abraham, Samuel, and Wilkinson acted directly and/or indirectly in the interest of Frontline Community Services, Inc. in relation to Plaintiffs.

11. Upon information and belief, Defendants controlled the hours that Plaintiffs worked, the manner in which they were paid, and the conditions of their employment.

12. At all relevant times, Defendants controlled the hours that Plaintiffs worked, the manner in which they were paid, and the conditions of their employment.

13. At all relevant times, Defendants had the power to hire, fire, suspend, and otherwise, discipline Plaintiffs.

14. Defendants are employers of the Plaintiffs within the meaning of the FLSA and the D.C. Code.

15. At all relevant times, Defendant Frontline Community Services, Inc. qualified as an "enterprise" within the meaning of the FLSA – 29 U.S.C. § 203(s).

16. At all times relevant, Defendant Frontline Community Services Inc. had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

17. At all times relevant to the present case, Defendants regularly carried on business in the District of Columbia.

**FACTS**

18. Plaintiffs hereby incorporate each and every allegation contained in this Complaint as set forth in all preceding paragraphs.

19. Plaintiffs and other similarly situated individuals are or were employed by Defendants as Direct Support Personnel who provided various needs-based services to

Defendant Frontline's, patients including but not limited, to caring for and monitoring patients, documenting their behaviors as support personnel for purposes of medical treatment (information gathered was provided to nurses or psychologists for medicine, assistance with diagnosis, etc.)

20. Upon information and belief, the dates of employment for the named Plaintiffs are as follows:

    (a) Andre Smith: March 2014 – August 31, 2016

    (b) Marcia Adams: April 2014 – August 31, 2016

    (c) Omwa Cooper: December 2013 – February 28, 2016

    (d) Michelle Smith-Wilson: May 2013 – May 24, 2016

    (e) Oscar Wilson: October 2012 – May 24, 2016

    (f) Nekeita Hicks: June 2013 – roughly October 2016

21. Throughout the relevant time period, and upon information and belief, Plaintiffs, while employed as Direct Support Personnel, were compensated at an hourly rate. Pay periods consisted of two-week pay periods.

22. Defendants compensated Plaintiffs at an hourly rate. Some of the Plaintiffs later received salary pay from the Defendants. The salary pay was intended for 80 hours of work within a two week period; essentially 40 hours per workweek.

23. Upon information and belief, Plaintiffs were compensated at the following rates of pay:

    (a) Andre Smith: $12.00 from March 2014 – November 2014; $13.60 from December 2014 – August 2015; and $14.00 from September 2015 – April 2016. He began receiving a salary in May of 2016 set at $1,538.45.

4

(b) Marcia Adams: $12.00 from April 2014 – July 2014. She began receiving a salary in August of 2014 set at $1,346.15 and raised to $1,538.46 in July of 2016.

(c) Omwa Cooper: $12.00 from December 2013 – November 2014; $13.60 from December 2014 - September 2016.

(d) Michelle Smith-Wilson: from May 2013 – November 2014; and $13.60 from December 2014 – September 2016

(e) Oscar Wilson: $12.00 October 2012 – November 2015; and $13.60 from December 2014 – March 2015. He began receiving a salary in March of 2015 set at $1,346.15.

(f) Nekeita Hicks: $12.00 from June 2013 – November 2014. $13.60 from December 2014 - September 2016.

24. Upon information and belief, Plaintiffs regularly worked well over forty (40) hours within a workweek.

25. Upon information and belief, Plaintiffs' overtime hours worked and accrued for Defendants ranged widely from as a few as 10 hours of overtime to 80 hours of overtime within a two week period.

26. Upon information and belief, the average amount of overtime hours accrued for each Plaintiff within their two week pay period are as follows:

(a) Andre Smith: 51 hours

(b) Marcia Adams: 37 hours

(c) Omwa Cooper: 38 hours

(d) Michelle Smith-Wilson: 49 hours

5

(e) Oscar Wilson: 58 hours

(f) Nekeita Hicks: 64 hours

27. At all times relevant, Defendants assigned Plaintiffs to non-exempt duties and failed to pay them their proper overtime rate.

28. Throughout the Plaintiffs' employment, Defendants paid Plaintiffs' overtime hours at their straight hourly rate, rather than the overtime premium rate of "time plus half time."

29. At all relevant times, Defendants had knowledge that Plaintiffs regularly and typically worked in excess of forty (40) hours per pay workweek and suffered or permitted Plaintiffs to work such hours.

30. Defendants' failure and refusal to comply with the applicable federal laws and D.C. Code was willful, intentional, and not in good faith.

31. Defendants' failure to pay Plaintiffs their overtime pay was willful and intentional and not the result of any *bona fide* dispute.

32. Pursuant to the D.C. Code, Plaintiffs are entitled to overtime claims at the very least dating back three years. The parties entered into a tolling agreement entered into and executed on December 9, 2016. Therefore, Plaintiffs are entitled to unpaid overtime wages from December 9, 2013, through the present unless some were not notified of their right to overtime hours.

33. District of Columbia law requires all employers to maintain compensation and time records for all employees. Accordingly, a precise calculation of Plaintiff's lawful damages from unpaid overtime is not fully possible without a comprehensive review of the payroll and time records maintained by the Defendants pursuant to the D.C. Code. Plaintiffs reserve the

right to determine and adjust their claim in a manner consisted with fundamental fairness to the Defendants and with the Rules of Court.

34. The D.C. Code allows for liquidated damages as a remedy to an employee(s) whose wages have been wrongfully denied by their employer.

35. Defendants did not inform Plaintiffs of their rights under the FLSA and D.C. Code. There was no display of the FLSA employment laws visible to Plaintiffs at their workplace.

36. Plaintiffs during the relevant periods were non-exempt workers under the FLSA and D.C. Code.

37. Defendants' failure to pay Plaintiffs properly for the hours they worked over eighty in a pay period was willful, intentional and not in good faith.

## COLLECTIVE ACTION ALLEGATIONS

38. Plaintiffs hereby incorporate each and every allegation contained in this Complaint as set forth in all preceding paragraphs.

39. Plaintiffs are pursuing this action as an FLSA collective action on behalf of themselves and all other similarly situated individuals who performed various needs-based services for Defendants' clients, who consisted of persons having special care needs either through age, disability, or infirmity. Plaintiffs cared for and monitored patients, and documented patients' behaviors for purposes of medical treatment among other duties.

40. As a separate class, Plaintiffs are pursuing this action as an FLSA collective action on behalf of themselves and all other similarly situated individuals who performed care based services for clients on behalf of Defendants.

41. Questions of law or fact common to the members of the class predominate over any questions affecting only individual class members.

42. The main allegation of this case is that Defendants engaged in common and intentional violations of the Federal wage laws by way of overtime wage violations and unpaid wage violations.

43. During relevant periods and most likely prior to and beyond, Defendants paid Plaintiffs and other similarly situated individuals at an hourly rate, some later at a salary rate, and failed to properly pay overtime for hours worked in excess of 40 per workweek.

44. During relevant periods and most likely prior to and beyond, Defendants failed to compensate Plaintiffs and other similarly situated individuals for overtime hours worked at the proper overtime hourly rate.

45. Defendants commonly and systematically engaged in wage theft by not properly compensating Plaintiffs for their overtime hours worked. Defendants paid Plaintiffs and other similarly situated individuals straight time rather than time and a half.

46. Plaintiffs and similarly situated individuals all received compensation from Defendants in violation of the Federal wage laws by way of unpaid wages for hours worked and by not being paid time and a half their regular hourly rate for hours worked in excess of forty (40) in a workweek, or eighty (80) in a pay period.

47. Plaintiffs and similarly situated individuals were not paid overtime at the overtime premium of time and a half their regular hourly pay rate for hours worked in excess of (40) each week.

48. Plaintiffs and each class member are seeking to be paid the wages and overtime wages that they were never paid; the difference between hours paid and hours

owed when applicable, and any other owed amount earned by Plaintiffs for performing their duties during the workweek.

49. In this particular case, the class members may exceed fifteen (15) current and former employees.

50. All class members are believed to be readily identifiable from information and records in the control and possession of the Defendants.

## COUNT 1
## FAILURE TO PAY OVERTIME
### (Violation of FLSA 29 U.S.C. §§ 201 *et. seq.*)

51. Plaintiffs hereby incorporate each and every allegation contained in this Complaint as set forth in all preceding paragraphs.

52. Defendants failed to pay wages and overtime owed to the Plaintiff, in violation of the FLSA, 29 U.S.C. §201, *et. seq.*

53. Defendants' failure to pay Plaintiffs' wages and overtime, as required by the FLSA, was willful, intentional and not in good faith. Defendants either knew or showed a reckless disregard for whether their conduct was prohibited by statute.

54. Defendants' failure to comply with the FLSA overtime protections caused Plaintiffs to suffer a loss of wages and interest therein.

## COUNT TWO
## FAILURE TO PAY OVERTIME WAGES
### (District of Columbia, D.C. Code §§32-1001 *et seq.*)

55. Plaintiffs hereby incorporate each and every allegation contained in this Complaint as set forth in all preceding paragraphs.

56. At all times relevant to this Complaint, Defendants violated the overtime provisions of the D.C Code §§32-1001 *et. seq.* by failing to pay Plaintiffs their full and earned overtime wages.

57. Defendants' failure to comply with the District of Columbia wage and hour protections caused Plaintiffs to suffer a loss of wages and interests therein.

**COUNT THREE**
**FAILURE TO PAY WAGES**
**(DISTRICT OF COLUMBIA, D.C. §§ Code §32-1301 *et. seq.*)**

58. Plaintiffs hereby incorporate each and every allegation contained in this Complaint as set forth in all preceding paragraphs.

59. Defendants failed to pay Plaintiffs all the overtime wages they were due each pay period in violation of D.C. Code §§ 32-1301 *et. seq.*

60. Defendants' failure to comply with the District of Columbia wage and hour protections caused Plaintiff to suffer a loss of wages and interests therein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that Judgment be entered against all Defendants jointly and severally; that Defendants be enjoined to comply with all applicable federal wage laws:

a. For the amount of the unpaid overtime compensation due to Plaintiffs for relevant time periods;

b. For an additional amount of liquidated damages equal to three times the amount owed and as authorized by the FLSA and the D.C. Wage Payment and Collection Law;

c. For Plaintiff's reasonable attorney's fees, expenses, and costs incurred in this action, as authorized by 29 U.S.C. §216(b) and DC WPCL §32-1308(b); and

d. For such other further relief as this Court may deem appropriate.

Respectfully submitted,

_____/s/_____
Deyka Williams Spencer
The Spencer Firm, LLC.
Bar Number: 979180
2275 Research Blvd., Suite 500
Rockville, MD 20850
Phone: (301) 637-2866
Fax: (866) 686-2126
dspencer@spencer-firm.com

*Attorney for Plaintiffs*

Filed: January 16, 2017