IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANDRE SMITH, MARCIA ADAMS, OMWA COOPER, OSCAR WILSON, MICHELLE SMITH-WILSON, NEKEITA HICKS, | * * * | CASE No. 1:17-cv-00101-ABJ |
| Plaintiffs, | | |
| v. | * | |
| FRONTLINE COMMUNITY SERVICES, INC., DITTU ABRAHAM, JEAN SAMUEL, NINALA WILKINSON, | * * | |
| Defendants. | * | |

**JOINT MOTION FOR *IN CAMERA* REVIEW OF SETTLEMENT AGREEMENT,
FOR APPROVAL OF SETTLEMENT,
AND FOR DISMISSAL WITH PREJUDICE**

Plaintiffs Andre Smith, Marcia Adams, Omwa Cooper, Oscar Wilson, Michelle Smith-Wilson, and Nekeita Hicks, and Defendants Frontline Community Services, Inc., Dittu Abraham, Jean Samuel, and Ninala Wilkinson (collectively the "Parties") together respectfully file this Joint Motion, as the Parties have reached a full and final settlement of all contested matters in this litigation, as memorialized in a Confidential Settlement Agreement and General Release ("Settlement" or "Agreement").

The parties respectfully request that the Court grant its approval of the Settlement Agreement's terms addressing the compromised monetary amounts to resolve pending wage and overtime claims. The parties further request that, in order to maintain the confidentiality of the terms of the Confidential Settlement Agreement and General Release, that the Court review the

1

Settlement Agreement *in camera*, and upon approval of terms of the Settlement Agreement, enter its Order dismissing the case with prejudice.

## BACKGROUND

Defendant Frontline Community Services, Inc. (FCS) is an approved provider of services for persons with Intellectual and Developmental Disabilities who are served under the District of Columbia's Medicaid Home and Community-Based Services Waiver program. The individual named Defendants are each a current or former employee or board member of FCS. Frontline Community Services, Inc. is a non-profit corporation.

The Plaintiffs are each former employees of FCS who have alleged that they were owed additional wages during their employment with FCS. Plaintiffs have not alleged that they were not paid for each hour each worked for FCS. Rather, Plaintiffs have alleged that they were due additional compensation under the federal Fair Labor Standards Act and District of Columbia wage and hour laws.

Plaintiffs filed their initial Complaint on January 16, 2017. In response, Defendants filed a Partial Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) ("failure to state a claim upon which relief may be granted"), which sought dismissal of all claims in the Complaint for overtime wages allegedly due for work prior to the effective date of a change in the Department of Labor's regulations under the FLSA relating to the 'companionship services' exemption.

On February 22, 2017, Plaintiffs filed a First Amended Complaint, alleging additional factual allegations (which are denied by Defendants) which pertain to eligibility for the companionship services exemption. The First Amended Complaint rendered Defendants' motion for partial dismissal moot. As in the original complaint, the First Amended Complaint alleged

2

three counts:  Count I alleges a violation of the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.,* Count II alleges a violation of the D.C. Minimum Wage Revision Act, D.C. Code § 32-1001 *et seq.*, and Count III alleges a violation of the D.C. Wage Payment and Collection Law, D.C. Code § 32-1301 *et seq.*

On March 13, 2017, Defendants filed their Answer to the First Amended Complaint. On March 31, 2017, Defendants filed a Motion for Partial Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c), asking the Court to strike Count III of the First Amended Complaint. The Court has not ruled on the Defendants 12(c) Motion.

On April 13, 2017, Plaintiffs filed a Motion for Leave to File Second Amended Collective Action Complaint.  On April 27, 2017, Defendants filed an opposition to this Motion, and requested that the Court deny the Plaintiffs' Motion for Leave to File Second Amended Collective Action Complaint.   The Court has not ruled on the Plaintiffs' Motion.

On April 13, 2017, at the request of the Parties and with the Court's endorsement, the Court issued an Order referring the case to the Court's Mediation Program.

On June 5, 2017, the Parties met with the Court-Appointed Mediator and over the course of a full day of arms-length settlement negotiations, were able to reach a settlement of all matters. The settlement was then memorialized in the Confidential Settlement Agreement and General Release, now signed by all Parties.  The Confidential Settlement Agreement and General Release is submitted to the Court for *in camera* review and approval, concurrently with the filing of this Joint Motion and the Stipulation of Dismissal with Prejudice.

LEGAL ANALYSIS

Settlements of FLSA wage claims brought in federal district court must be reviewed and approved by the court in order to ensure enforceability. *Brooklyn Savings Bank v. O'Neill*, 324 U.S. 697 (1945); *Barrantine v. Arkansas-Best Freight System*, 450 U.S. 728 (1981) ("FLSA rights cannot be abridged by contract or otherwise waived because this would nullify the purposes of the statute and thwart the legislative policies it was designed to effectuate."). To approve an agreement outside the adversarial context would be "in clear derogation of the letter and spirit of the FLSA." *Lynn's Food Stores v. U.S.*, 679 F.2d 1350, 1353-54 (11th Cir. 1982).

The D.C. Circuit has not yet "opined about whether judicial approval is required of FLSA settlements reached after an FLSA suit has been filed or the related issue of whether such approval is a prerequisite for subsequent judicial enforcement of a private settlement." *Eley v. Stadium Group, LLC*, 2017 U.S. Dist. LEXIS 22978, *4-5 (D.D.C. 2017) *citing Sarcero v. Choi*, 78 F.Supp.3d 446, 449 (D.D.C. 2015). However, proceeding without the Court's approval of the terms of settlement "leaves the parties in an uncertain position" and "courts in this district often agree to review proposed FLSA settlements when the parties jointly seek judicial approval". *Eley,* 2017 U.S. Dist. LEXIS 22978 at *5. The Court's review will be limited to the approval of "terms precisely addressing the compromised monetary amounts to resolve pending wage and overtime claims." *Eley*, 2017 U.S. Dist. LEXIS 22978 at *5; *Carrillo v. Dandan Inc*., 51 F.Supp 3d 124, 134 (D.D.C. 2014).

The Court must first determine whether the settlement resolves a "bona fide dispute". *Eley*, 2017 U.S. Dist. LEXIS 22978 at *5, *citing Carillo v. Dandan, Inc*., 51 F.Supp.3d at 131. Next, the Court must consider whether the settlement "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by the employer's overreaching."

4

*Eley*, 2017 U.S. Dist. LEXIS 22978 at *5-6.  Finally, the Court will also review the fairness of any attorneys' fee payment that may have been negotiated as part of the settlement.  *Eley*, 2017 U.S. Dist. LEXIS 22978 at *6.

"In making this evaluation, a court should be mindful of the strong presumption in favor of finding a settlement fair.  Indeed, courts must be aware that 'after all, settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution." *Carrillo,* 51 F.Supp. 3d at 124 (omitting citations); *Sarceno,* 78 F.Supp. 3d at 450.

I.     The Proposed Settlement Resolves a Bona Fide Dispute Between the Parties.

A bona fide dispute exists regarding the amount of back wages owed to the Plaintiffs.  The Parties engaged in early settlement discussions prior to the lawsuit being filed, the dispute being recognized early in these discussions.  The Plaintiffs were at all times represented by counsel from The Spencer Firm, LLC.  The Parties acknowledged that the fundamental disputes involved the following factual and legal issues: 1) the accuracy and completeness of the Plaintiffs' time sheets, 2) the inconsistencies between the Plaintiffs' time sheets and the Chronolog printouts (electronic clock-in/clock-out system), 3) the amount of hours Plaintiffs' worked, 4) whether 3 of the 6 Plaintiffs were exempt from the overtime provisions based on their status as supervisors (the "white collar" exemption), 5) whether each of the Plaintiffs were exempt during some part of their respective periods of employment with FCS from the overtime provisions of the FLSA (and D.C. laws) under the Department of Labor's "companionship services exemption" regulation, § 13(a)(15); 29 C.F.R. § 552.6 (2014), and the applicable effective date of the U.S. Department of Labor's amended regulation, 6) whether the D.C. Minimum Wage Act is the exclusive remedy under D.C. law for the unpaid overtime claims, and 7) whether FCS was obligated by law to pay Plaintiffs additional wages when working nights, weekends, and/or with "high-risk patients".

The Parties recognize that these genuine disputes of fact and law would have been submitted to the finder of fact and that the uncertain outcome would have presented substantial risk for both Plaintiffs and Defendants had the case been fully litigated. The Parties acknowledge that the settlement is a fair and reasonable compromise given the considerable differences.

II.     The Settlement is Fair and Reasonable Under the Totality of the Circumstances.

The court must next inquire whether the "agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought on by an employer's overreaching." *Eley*, 2017 U.S. Dist. LEXIS 22978 at *5, *citing Sarcero*, 78 F.Supp.3d at 450. This includes an analysis of whether the FLSA settlement is fair and reasonable given the totality of circumstances. The factors used by this court include "whether the proposed settlement (1) was the product of overreaching by the employer; (2) whether the settlement was the product of negotiation between represented parties following . . . [a]rm's length bargaining; and (3) whether there exist serious impediments to the collection of a judgment by the plaintiffs." *Eley*, 2017 U.S. Dist. LEXIS 22978 at *6, *citing Carillo,* 51 F.Supp.3d at 132.

The settlement negotiations began before the litigation was filed, but settlement was ultimately achieved following a full day of negotiations in Court-Ordered Mediation. The Mediator was fully engaged with both sides prior to the mediation date, reviewing the Parties' individual Mediation Statements well in advance. During Mediation, the Mediator discussed and facilitated numerous offers and counter-offers throughout the day. All six (6) Plaintiffs were present for the entire day of negotiations, as were FCS officials with authority to reach an agreement for the company. The final settlement amount, which represents the aggregate amount that the Defendants have promised to pay each of the Plaintiffs, and the Plaintiffs' legal fees and costs, is $116,000. The Parties agreed that the Defendants would make the payments over a 9-

month period, with the first payment in the amount of $30,000. The Defendants have also signed a Confessed Judgment Promissory Note, in case of default, as further assurance that Plaintiffs would be paid in full. This first payment as well as the remaining 8 payments, would be divided between the 6 Plaintiffs and the Plaintiffs' counsel. The total payments due to each Plaintiff and to Plaintiffs' counsel are set forth below:

| Plaintiff's Name | 1099 Totals | Wage Totals | Total Payments Due |
|---|---|---|---|
| Andre Smith | $7,485.56 | $6,892.64 | $14,378.20 |
| Marcia Adams | $7,777.01 | $7,378.39 | $15,155.40 |
| Oscar Wilson | $8,068.46 | $7,864.14 | $15,932.60 |
| Michelle Smith-Wilson | $5,135.54 | $5,356.66 | $10,492.20 |
| Omwa Cooper | $3,951.25 | $4,208.75 | $8,160.00 |
| Nekeita Hicks | $7,194.50 | $6,407.50 | $13,602.00 |
| The Spencer Firm, LLC | $38,279.60 | $0.00 | $38,279.60 |
| TOTAL PAYMENTS | | | $116,000.00 |

The settlement is not a product of the employer's overreaching – the settlement is a fair and reasonable compromise of disputed issues. The amounts agreed upon are a reasonable compromise, given counsel's experience in pursuing and defending FLSA actions generally, and given counsel's familiarity with the facts and legal issues in this case. *See Sarceno*, 78 F.Supp.3d at 451. The Parties engaged in arm's-length negotiations, with the assistance and supervision of the Court-Appointed Mediator throughout the process. Finally, the settlement was reached after consideration of any impediments to Plaintiffs' obtaining and collecting upon a judgment. The nine-month payment plan allows FCS, a non-profit corporation, to continue to meet its other

financial obligations. Plaintiffs will be able to exercise the Confessed Judgment Promissory Note in court to obtain relief, in the event of default on any payments due to Plaintiffs. These terms represent a reasonable and fair compromise, given the totality of the circumstances.

    III.    <u>The Negotiated Attorneys' Fees are Reasonable.</u>

The attorneys' fee payment of $38,279.60 is approximately 33% of the total payment of $116,000.

In *Eley v. Stadium Group*, the Court approved as reasonable a proposed fee award of approximately 37% of the total recovery. *Eley*, 2017 U.S. Dist. LEXIS 22978 at *9-10. In *Sancero v. Choi*, 78 F.Supp.3d at 452, the Court approved attorney fees which represented less than half of the total recovery. In *Eley*, the Court noted, among other factors, the "certain challenges" for plaintiff's counsel posed by having multiple plaintiffs. Under the circumstances, the parties request that the Court approve as reasonable the attorneys' fees provided by the Settlement Agreement.

<u>IN CAMERA REVIEW</u>

The parties respectfully request that the Court maintain the confidentiality of the Settlement Agreement by reviewing the Agreement *in camera*. The Agreement by the parties provides that the terms of the agreement should remain confidential except to the parties and persons with whom the parties have good reason to disclose the terms, such as family members, and tax advisors.

The *in camera* review is also appropriate in light of the fact that "[t]he Court's review of a proposed FLSA settlement is properly limited only to those terms precisely addressing the compromised monetary amounts to resolve pending wage and overtime claims." *Carrillo v. Dandan, Inc.,* 51 F. Supp. 3d at 124.

In keeping with the confidentiality provisions of the Settlement Agreement, the parties request that the terms of the Settlement, except as provided in the Joint Motion to Approve Settlement, not be posted on the public access website (PACER).

## CONCLUSION AND RELIEF REQUESTED

For the reasons stated, the Parties respectfully request that the Court:

(1) Review the Settlement Agreement *in camera*,

(2) Grant the joint motion to approve the Settlement, and

(3) Grant the Order to Dismiss this matter with prejudice.

Respectfully submitted,

\_\_/s/_____
Gary Visscher, Esq., D.C. Bar No. 491482
Diana R. Schroeher, Esq., D.C. Bar No. 17561
Law Office of Adele L. Abrams P.C.
4740 Corridor Place, Suite D
Beltsville, MD  20705
(301) 595-3520 (office)
(301) 595-3525 (facsimile)
gvisscher@aabramslaw.com
dschroeher@aabramslaw.com


_____/s/_____
Deyka Williams Spencer, Esq., D.C. Bar # 979180
The Spencer Firm, LLC
2275 Research Blvd, Suite 500
Rockville, MD  20850
(301) 637-2866  (office)
(301) 686-2126  (facsimile)
dspencer@spencer-firm.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **JOINT MOTION FOR IN CAMERA REVIEW OF SETTLEMENT AGREEMENT, FOR APPROVAL OF SETTLEMENT, AND FOR DISMISSAL WITH PREJUDICE** was filed electronically using the CM/ECF system, on this 5th day of July 2017, and that the Clerk will serve notifications of such filing to the parties' counsel of record.

      /s/
Gary Visscher, Esq., D.C. Bar No. 491482
Diana R. Schroeher, Esq., D.C. Bar No. 17561
Law Office of Adele L. Abrams P.C.
4740 Corridor Place, Suite D
Beltsville, MD 20705
(301) 595-3520 (office)
(301) 595-3525 (facsimile)